IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **JOSEPH PLEMONS** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs | ) | No. |
| | ) | **JURY DEMAND** |
| **HOME DEPOT, INC.** | ) | **JUDGE** |
| | ) | **MAGISTRATE** |
| **Defendant** | ) | |

## COMPLAINT

Comes now Plaintiff, by and through counsel, and files for his cause of action the following:

1. This suit is brought and jurisdiction lies pursuant to (a) 107 §a of the American's With Disability Act (hereinafter "ADA"), 42 U.S.C. Section 12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, as well as the ADEA. The actions which violates the ADA, ADEA, THRA and THA were committed in Nashville, Davidson County, Tennessee, where the Plaintiff worked for the Defendant and the Defendant had a place of business.

2. Plaintiff, Joseph Plemons, is a citizen of the United States and the State of Tennessee, and resides in Davidson County, Tennessee.

3. The Defendant, Home Depot, is a Tennessee Corporation.

4. Defendant employer is a person within the meaning of Section of 101(7) of

the ADA, 42 U.S.C. Section 12111(7), and Section 701(a) of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. Section 2000e (a) as well as the ADEA.

5. Plaintiff is a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. Section 12111(8) and that Plaintiff is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of her former position with Defendant employer and is sixty two years of age.

6. That at all relevant times, Plaintiff has been inflicted with COPD with Emphysema, and Plaintiff is an individual with a disability as that term is defined in Section 3(2) of the ADA, 42 U.S.C. Section 12102(2).

7. Defendant employer employs twenty-five (25) or more employees and is an employer within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. Section 12111(5)(A). At all times, Plaintiff was discriminated against in his employment, his employer employed more than twenty-five (25) people.

**FACTS**

8. Plaintiff Joseph Plemons, is a resident of Davidson County, Tennessee.

9. Plaintiff was hired by Defendant on October 19, 1991 as a Hardware Associate.

10. After several years of employment with Defendant, Plaintiff rose to the position of assisting professional contractors in the Contractor Sales department. In this position Plaintiff dealt mostly with contractor purchases between $2,000.00 and $5,000.00. Plaintiff's average sales were approximately $100,000.00 per month.

11. Many of Plaintiff's sales, and those of other employees in that department, were over the

telephone.

12. Plaintiff's department was the only department allowed to take sales over the telephone.

13. Plaintiff took a sales call from a customer in Florida. This customer gave to Plaintiff a long list of items for purchase and gave Plaintiff a charge card number to complete the transaction. This customer informed Plaintiff that her contractor would come to the store and pick up the items. A few days later they picked up the items.

14. Some months later, an issue arose between Defendant and the charge card company. Plaintiff was called into his supervisor's office and informed he was getting a "Final Warning" for failing to follow the new guidelines with respect to over the phone sales. Plaintiff informed his supervisors that neither he nor other employees in the department had been given training on these new guidelines.

15. Plaintiff demanded his supervisors talk to human resources and the other employees in the department. Plaintiff's supervisors contacted human resources and the other employees in the department who corroborated Plaintiff's statements that no training had been given. Plaintiff requested the "Final Warning" be removed from his file as it could be used to terminate him in the future.

16. In or about June of 2010, Plaintiff's department was handling a large volume of phone orders from contractors and customers due to the flooding. Plaintiff took a telephone order for approximately $3,500.00 from a contractor.

17. At this time Defendant had a program for large purchases called the "bid room" or "volume discounts" whereby any purchase over $2,500.00 can be submitted to the "bid room" and the price can be adjusted downward. Plaintiff submitted this order and the price was reduced by $500.00.

18. The procedure for completing a bid room order was to get a managers approval at the point of sale. The program prompted Plaintiff to get manager approval and Plaintiff paged for a manager. An assistant manager responded to the page, entered his password into the system and watched Plaintiff complete the transaction by entering the customers charge card number.

19. Once the transaction was complete, the assistant supervisor told Plaintiff that phone orders were not to be put thru the register but the point of sale system. Plaintiff informed him that this order contained two incentive programs that did not work thru the point of sale system but needed managers approval.

20. The assistant manager left Plaintiff's station without saying another word.

21. Approximately one week later Plaintiff was called into the store manager's office and informed of his immediate termination since he still had a "Final Warning" in his file. Plaintiff explained to the store manager that there was not supposed to be a "Final Warning" in his file due to the lack of training on new guidelines previously. The manager acknowledged Plaintiff was right, took back the termination paper, said he would have human resources straighten this out, and told Plaintiff to get back to work.

22. Approximately one week later, Plaintiff was told he was terminated even though the prior "Final Warning" was not supposed to have been in Plaintiff's file. Plaintiff was replaced by a younger worker without a disability.

23. Plaintiff's age and disability was the motivating factor in Plaintiff's disciplinary action and termination.

**PENDENTE STATE CLAIMS**

Pendente state claims:

    (a) Plaintiff avers that in addition to her claims under the Americans With

Disabilities Act, she has claims under the laws of the State of Tennessee for wrongful retaliatory discharge and termination as a result of her discharge and the retaliatory acts against her which Defendant took because she asserted her rights under the Family Medical Leave Act.

(b)     Plaintiff, likewise, has claims pursuant to Tennessee law for discriminatory employment practices pursuant to T.C.A. 4-21-311 and Tennessee Human Rights Act as codified in T.C.A. 4-21-101, et seq., and T.C.A. 8-50-103, 104 which statutes of the State of Tennessee prohibit discrimination due to disability, and the THA.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief to Plaintiff:

1.      Order Defendant, **HOME DEPOT** to make Plaintiff whole by providing her with appropriate back pay with interest, front pay, insurance premiums and medical costs, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

2.      That Defendant, **HOME DEPOT**, be permanently and forever enjoined from any further prohibitive discrimination against Plaintiff.

3.      Order that Defendant employer make Plaintiff whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, embarrassment and humiliation in an amount to be proven at trial.

4.      Plaintiff be awarded compensatory damages in an amount to be determined

at the trial of this cause.

     5.     That Plaintiff be awarded punitive damages in an amount to be determined at the trial of this cause.

     6.     That Plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs for having to bring this manner.

     7.     That Plaintiff be granted such other relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

                                  KELLY, KELLY & ALLMAN

                                  BY: /s/ Andy L. Allman
                                     ANDY L. ALLMAN   -  #17857
                                     Attorney for Plaintiff
                                     629 East Main Street
                                     Hendersonville, TN 37075
                                     Telephone: (615) 824-3703
                                     Facsimile: (615) 824-2674